ADAM J. CHAMBERS
achambers@dunnandblack.com
ISB No. 9480
DUNN & BLACK, P.S.
111 N. Post, Ste. 300
Spokane, WA 99201
Telephone: (509) 455-8711
Facsimile: (509) 455-8734

Attorneys for Plaintiff E. Ryker Young

UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | | |
|---|---|---|
| E. RYKER YOUNG, as trustee of the E. RYKER YOUNG REVOCABLE TRUST | ) ) ) | NO. |
| Plaintiff, | ) ) ) | **COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |
| v. | ) ) | |
| ROCK CREEK IDAHO HOLDINGS, L.L.C., an Idaho limited liability company; WILLIAM P. FOLEY II & CAROL JOHNSON FOLEY, a marital community; ROCK CREEK GOLF CLUB IDAHO, L.L.C., an Idaho limited liability company; CANNAE TIMBER RESOURCES, L.L.C., a Delaware limited liability company; FNFV HOLDINGS, L.L.C., a Delaware limited liability company; CANNAE HOLDINGS, INC., a Delaware corporation; BRYAN D. COY, an individual; FRANK T. SURYAN, JR. & TERESA SURYAN, a marital community; NEL IDAHO REAL ESTATE, L.L.C. a Delaware limited liability company; NEL IDAHO | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

COMPLAINT FOR DAMAGES - 1

INVESTMENT GROUP, L.L.C., a            )
Delaware limited liability company.     )
                                        )
                    Defendants.         )

The Plaintiff, E. Ryker Young, as trustee of the E. Ryker Young Trust, by and through his attorneys of record, asserts and alleges the following claims against Defendants:

1.      Plaintiff E. Ryker Young, as the trustee of the E. Ryker Young Trust, (hereinafter "Plaintiff Young") is now and was at all times material hereto, a resident of the state of Oklahoma.

2.      The Defendant Rock Creek Idaho Holdings, L.L.C. (hereinafter "RCIH") is now and was at all times material hereto a limited liability corporation, organized and existing under the laws of the State of Idaho and located in Kootenai County, Idaho for the purpose of developing certain real estate in Idaho.

3.      Upon information and belief, the Defendants William P. Foley II & Carol Johnson Foley (hereinafter "Foley") are a marital community residing in the state of Nevada, doing business and committing tortious acts in Kootenai County, Idaho.

4.      Any acts of Defendant William P. Foley alleged herein were done on behalf of their marital community.

5.      The Defendant Rock Creek Golf Club Idaho, L.L.C. (hereinafter "RC Golf Club") is now and was at all times material hereto, a limited liability corporation

COMPLAINT FOR DAMAGES - 2

organized and existing under the laws of the State of Idaho and located in Kootenai County, Idaho.

6.     The Defendant Cannae Timber Resources, L.L.C., (hereinafter "Cannae Timber") is now and was at all times material hereto, a limited liability corporation organized and existing under the laws of the State of Delaware.

7.     The Defendant FNFV HOLDINGS, L.L.C., (hereinafter "FNFV") is now and was at all times material hereto, a limited liability corporation organized and existing under the laws of the State of Delaware.

8.     The Defendant Cannae Holdings, Inc. (hereinafter "Cannae Holdings") is now and was at all times material hereto, a corporation organized and existing under the laws of the State of Delaware.

9.     The Defendant NEL Idaho Real Estate, L.L.C. (hereinafter "NEL Real Estate") is now and was at all times material hereto, a limited liability corporation organized and existing under the laws of the State of Delaware.

10.    The Defendant NEL Idaho Investment Group, L.L.C. (hereinafter "NEL Investment") is now and was at all times material hereto, a limited liability corporation organized and existing under the laws of the State of Delaware.

11.    Upon information and belief, the Defendants Frank T. Suryan, Jr. & Teresa Suryan (hereinafter "Suryan") are a marital community residing in the State of California, doing business and committing tortious acts in Kootenai County, Idaho.

COMPLAINT FOR DAMAGES - 3

12.     Any acts of Defendant Frank T. Suryan alleged herein were done on behalf of their marital community.

13.     Upon information and belief, the Defendant Brian D. Coy is a resident of the State of Nevada, doing business and committing tortious acts in Kootenai County, Idaho.

14.     Upon information and belief, Defendant Foley has, either directly or indirectly, membership, ownership, custody, managerial control, and/or authority over, as well as personal and business interests in, Defendants RCIH, RC Golf Club, Cannae Timber, FNFV, Cannae Holdings, NEL Real Estate, and NEL Investment.

## I.     JURISDICTION

15.     The Federal District Court District of Idaho has jurisdiction over this matter pursuant to, but not limited to, 28 U.S.C. § 1331, 28 U.S. Code § 1332, and 28 U.S.C. § 1367 in that:  (1) Defendants fraudulently schemed to defraud Plaintiff in connection with purchase or sale of a security in violation of the Securities Act of 1933; (2) Plaintiff has diversity of citizenship from each of the Defendants, and the amount in controversy exceeds $75,000; and (4) this Court has Supplemental jurisdiction over Plaintiff's claims arising out of Defendants' fraud that form the same case or controversy.

16.     Venue of this matter is proper in the Federal District Court of Idaho pursuant to 28 U.S.C. § 1391 because one or more of the Defendants reside in the State of Idaho and the State of Idaho is the place where the claim arose.

COMPLAINT FOR DAMAGES - 4

## II.   FACTS

17.    At all times material hereto, Plaintiff Young was the owner of a Limited Economic Interest in RCIH (the "Economic Interest"), pursuant to a written contract between the parties executed on August 12, 2013. See **Appendix A** – Grant of Limited Economic Interest in Rock Creek Idaho Holdings, LLC, attached hereto.

18.    At that time, the Members of RCIH were Fidelity National Timber Resources, Inc. (hereinafter "FNTR") and Samuel & Company, Inc.

19.    The parties to the Economic Interest contract agreed that Plaintiff Young gave "*good and valuable consideration*" in exchange for the Economic Interest by waiving his $5 million interest as a "*major creditor*" against RCIH. As part of the Economic Interest contract, Ryker Young was also granted a lifetime membership to the Rock Creek Golf Club. See **Appendix A**.

20.    Plaintiff's Economic Interest was categorized by Defendant RCIH as a "*long-term investment*" in the business, which was to include operation of the RC Golf Club. Id.

21.    The terms of the Economic Interest contract state that, once the Members of RCIH received 100% of their initial capital contributions or additional capital contributions, Plaintiff Young would be entitled to receive 7% of RCIH's distributable cash until such time that he received $5,000,000. Id.

22.    The Economic Interest contract incorporated Defendant RCIH's "Operating Agreement", but stated:

> *[T]o the extent the terms and conditions of this Agreement in any way conflict with or are not authorized by the terms and conditions of the Operating Agreement, then the terms and conditions of this Agreement shall control and the Members by executing this Agreement below hereby expressly agree to amend the Operating Agreement to accommodate the terms and conditions of this Agreement.*

Id.; **Appendix B** – Operating Agreement for Rock Creek Idaho Holdings, LLC an Idaho Limited Liability Company, attached hereto.

23.    To date, Plaintiff Young has not been paid any distributable cash owed as a result of and pursuant to the Economic Interest contract.

24.    On September 1, 2021, without any notice to Plaintiff Young, Defendant RCIH engaged in a "transaction" conveying the golf club's assets and related real estate by way of Warranty Deed to Defendant NEL Real Estate.  Defendant Frank T. Suryan, Jr. (hereinafter "Suryan") is the listed governor for NEL Real Estate. See **Appendix C** – Warranty Deed recorded in Kootenai County, Idaho, September 2, 2021 (hereinafter "Warranty Deed"), attached hereto.

25.    Upon information and belief, under the terms of the "transaction" agreement between Defendants RCIH and NEL Real Estate, RCIH received $9.2 million in cash from Suryan, with those parties executing an "Asset Purchase Agreement."

26.    That Asset Purchase Agreement dated August 23, 2021, was signed between Defendants RCIH and NEL Real Estate, with the "transaction" being evidenced

COMPLAINT FOR DAMAGES - 6

by a "Mortgage, Security Agreement and Fixture Filing." That document reflects that RCIH agreed to act as Lender to NEL Real Estate in the transaction for the principal sum of $35,000,000. See **Appendix D** – Assignment of Declarant's Interest and Mortgage, Security Agreement and Fixture Filing, attached hereto.

27.     Under the terms of both the Economic Interest contract and RCIH's Operating Agreement, Plaintiff Young has the right to receive distributions of assets and allocations of distributable cash.  No such distributions were made to Plaintiff Young, despite the multi-million dollar "transaction" between Defendants RCIH and NEL Real Estate.

28.     Both the Economic Interest contract and Operating Agreement state that their respective terms will bind the parties' successors and assigns. See **Appendix A** and **Appendix B**.

29.     In the Assignment of Declarant's Interest, Defendant NEL acknowledged that it succeeded to all of RCIH's rights and **obligations** under certain covenants, conditions and restrictions for the Club at Rock Creek. See **Appendix D**.

30.     Brian D. Coy (hereinafter "Coy") is the current chief financial officer of Cannae Holdings and an officer of RC Golf Club.  Defendant Coy was also the Executive Vice President and CFO of RCIH when the Warranty Deed was recorded on September 2, 2021.  He also signed the Warranty Deed on RCIH's behalf.

31.     On September 2, 2021, the same day the Warranty Deed was recorded, Defendant Coy acknowledged the $5 million payment obligation to Plaintiff Young in an

COMPLAINT FOR DAMAGES - 7

email, but denied any payment was owed:  "*Regretfully, the members have not and the members will not receive at least 100% of their capital contributions as a result of yesterday's sale, and, thus, is no amount is due (sic) or will be due to Mr. Young.*" See Appendix E – Correspondence from Defendant Coy dated September 2, 2021, attached hereto.

32.     Plaintiff Young's right to the Economic Interest remains in effect, despite the sale transaction referenced in Defendant Coy's email.  The Economic Interest contract specifically states that it is "*binding upon and shall inure to the benefit of the parties and their respective successors and assigns.*"  Thus, Plaintiff Young continues to be entitled to receive payment of the $5 million obligation owed. See Appendix A.

33.     Defendant RCIH continues to be an active Idaho limited liability corporation, and continues to be a member of Defendant Rock Creek Golf Club Idaho, LLC, now doing business as CDA National Reserve Golf Course. See Appendix F – Idaho Secretary of State Annual Reports; Appendix G – Dun & Bradstreet Report: Rock Creek Golf Club Idaho, LLC, copies of which are attached hereto.

34.     On, March 1, 2022, Plaintiff Young made a demand for a full accounting, to include all accounting records reflecting the status of the capital contributions and payments made by any and all RCIH Members, and any necessarily related affiliate persons or organizations.

35.    Despite Plaintiff's demands, none of the Defendants have provided requested financial or accounting documentation to verify and confirm whether any capital contributions were  made to or received by any Members of RCIH.

36.    Plaintiff Young's requests to RCIH for a full accounting have been denied.

37.    At the time of the "transaction" between Defendants RCIH and NEL Real Estate, the sole member of RC Golf Club was RCIH, with Defendants Foley and Coy acting as the sole Managers. See **Appendix F**.

38.    At the time of the "transaction" between RCIH and NEL Real Estate, the sole member of RCIH was Defendant Cannae Timber, whose sole member was Defendant FNFV.  Upon information and belief, Defendant FNFV is a wholly owned subsidiary of Defendant Cannae Holdings.

39.    Defendant Foley is the chairman of Defendant Cannae Holdings.  He is also listed as a current manager of Defendants RCIH and of RC Golf. At the time it was organized under its Operating Agreement, management of RCIH was exclusively vested in its managers, including Foley, Gregory Lane, and Robert C. Samuel.  The managers had "*full, complete, and exclusive authority, power, and discretion to manage and control the business, property, and affairs*." See **Appendix B**.

40.    Upon information and belief, Gregory Lane, a licensed attorney was a senior vice president at Fidelity National Financial and FNTR, and he assisted Defendant Foley to form the Rock Creek Cattle Company and the Foley Wine Group, L.P.

COMPLAINT FOR DAMAGES - 9

41.     Upon information and belief, Defendant Foley made the decision to replace Lane with Defendant Brian Coy as a manager of RCIH.

42.     At the time of the "transaction" between Defendants RCIH and NEL Real Estate, Defendants Foley and Coy were the only managers of RCIH.

43.     The sole member of NEL Real Estate at that time was NEL Investment Group.

44.     Upon information and belief, Defendant Foley was a controlling member of each level and both sides of the "transaction", including controlling membership in and/or management and direction of Defendants RC Golf Club, RCIH, Cannae Timber, FNFV Holdings, Cannae Holdings, and NEL Real Estate via NEL Investment Group.

45.     Upon information and belief, Defendants RC Golf Club, RCIH, and Cannae Timber were not operated as legitimate business entities, but instead are mere alter-egos for Defendant Foley.

46.     Upon information and belief, Defendant Foley has retained ownership of the golf club assets and real estate he purported to convey as the manager of Defendant RCIH.

47.     In Defendant Cannae Holdings' Form 10-Q Quarterly Report filed with the SEC on November 9, 2021, and certified by Defendant Coy, Defendant Cannae Holdings admits that it owned RCIH and that it netted profits from the "transaction" with NEL Real Estate.  It also admits that Defendant Foley retained ownership interest in the assets:

> *In the year ended December 31, 2021, we commenced a plan to sell Rock Creek Idaho holdings, LLC ("RC"). On August 10, 2021, we entered into*

*an asset purchase agreement for the sale of certain net assets of RC and its subsidiaries for $44.2 million, consisting of cash of $9.2 million, net of transaction costs, and a note receivable of $35.0 million. **We recorded a gain of $18.9 million** as a result of the sale, which is included in Recognized gains (losses), net on the Consolidated Statement of Operations for the year ended December 31, 2021. **The chairman of our board, William P. Foley II is a partner in the joint venture that purchased RC.** The company collected the full amount of the note receivable, plus interest prior to December 31, 2021. Subsequent to the transaction, we have no further involvement in RC.* (Emphasis added)

See **Appendix H** – Cannae Holdings Quarterly Report – November 9, 2021 (hereinafter "Cannae QR"), attached hereto.

48.     According to Defendant Suryan, in reference to the "transaction," he and Defendant Foley "*go back on many levels and we are friends. It didn't take long for us to strike a deal.*" See **Appendix I** - Suryan April 2022 Interview with Executive Golfer Magazine, attached hereto.

49.     Upon information and belief, Defendant Foley agreed to "loan" $35,000,000 to NEL Real Estate Group, knowing that he retained a controlling interest in RCIH and the RC Golf Club.

50.     The Defendant Cannae's Quarterly Report states that the $35,000,000 note was paid off with interest, prior to November 9, 2021, barely two months from when the "loan" was issued. See **Appendix H**.

51.     Upon information and belief, Defendant NEL Investment Group, under Defendant Foley's direction, immediately conveyed the $35,000,000 back to Foley via Defendants RCIH, Cannae Timber, FNFV, and Cannae Holdings.

COMPLAINT FOR DAMAGES - 11

52.     As a result of Defendant Foley's control, influence, and ownership interests, the "transaction" between Defendants RCIH and NEL Real Estate was not executed at arm's length, and the assets and real estate were not transferred via a sale for fair market value.

53.     Upon information and belief, Defendants Foley, Coy and Suryan conspired to enact a scheme, whereby Defendant  Suryan effectively paid $9.2 million plus interest on the loan in order to obtain a Membership in ownership of RC Golf outside of the terms of Defendant RCIH's Operating Agreement.

54.     Upon information and belief, Defendants Foley, Coy and Suryan's scheme was intentionally enacted to fraudulently transfer assets and profits to a new entity in order to deprive Plaintiff Young of his Economic Interest.

55.     Upon information and belief, Defendants intentionally violated, or failed to adhere to, Generally Accepted Accounting Principles ("GAAP") in order to mask, disguise, or otherwise conceal profits to the detriment of Plaintiff Young.

56.     At all times material hereto, Defendant Foley exercised control, either directly or indirectly, over Defendant RCIH and its assets, including RC Golf Club.

57.     At all times material hereto, Defendant Foley exercised control, either directly or indirectly, over the sale of Defendant RCIH's assets and diverted RCIH's funds for the purposes of benefitting his own interests.

58.     Upon information and belief, a full accounting of the entities and enterprises associated with RCIH will reveal that, since the year 2013, RCIH generated profits to which Plaintiff Young is entitled.

59.     The "transaction" between Defendants RCIH and NEL Real Estate generated profits that exceed the capital investments made by the active Members of RCIH at that time, and to which Plaintiff Young is entitled.

60.     Upon information and belief, the assets, including valuable real estate assets, formerly held by RCIH continue to generate profits for Defendant Foley via Defendants RC Golf Club, RCIH, FNFV, Cannae Holdings, and NEL Investment Group. Over thirty-five homes and lots associated with RC Golf have been sold since the "transaction" between RCIH and NEL Real Estate. See **Appendix I**.

61.     Per Dun & Bradstreet, which is a business data collector whose majority and controlling shares are held by Defendants Cannae Holdings and Foley, RC Golf generates over $1.87 million in revenue each year. Defendant RCIH continues to be a Member of Defendant RC Golf, and is entitled to a share of the profits, which currently does business as CDA National Reserve. See **Appendix G**.

62.     Upon information and belief, as a result of the "transaction" between Defendants RCIH and NEL Real Estate, consumers with membership at the Club at Rock Creek, in order to maintain their membership in CDA National Reserve, were required to pay new, increased fees.

COMPLAINT FOR DAMAGES - 13

63.     Upon information and belief, Defendants Foley, Coy, and Suryan revoked benefits from the members of the Club at Rock Creek and then charged them increased fees to renew those benefits with CDA National Reserve.

64.     Upon information and belief, Defendants Foley, Coy, and Suryan's scheme and subterfuge were devised to fraudulently transfer funds and assets associated with Defendants RCIH to NEL Real Estate in order to charge higher fees to the members of the golf course under the guise of new ownership.

65.     On March 21, 2022, Defendant RCIH confirmed, via a letter from its attorney, that it refused to make payment of Plaintiff Young's Economic Interest, and refused to provide the full accounting previously requested by Plaintiff Young. See **Appendix J** – Lake City Law letter dated March 21, 2022, attached hereto.

66.     On March 21, 2022, the new chief operating officer of the golf course, Mick Wydra, sent notice to Plaintiff Young that his membership was being terminated due to "*a recent transition in ownership*" of the golf course and that it was "*moving in another direction.*" This statement was made in spite of Defendants RCIH and Foley remaining as the members and managers of RC Golf. See **Appendix K** – Mick Wydra Email, March 21, 2022, attached hereto.

67.     On April 5, 2022, Plaintiff Young notified Wydra that the termination of the golf membership violated the express terms of the Economic Interest contract and that Plaintiff Young would thus be entitled to immediate payment of the $5,000,000 interest

as a result of the breach. <u>See</u> **Appendix L** – Dunn & Black letter dated April 5, 2022, attached hereto.

68.     On April 8, 2022, Mick Wydra wrote that the termination was made "in error". <u>See</u> **Appendix M** – Mick Wydra Email, April 8, 2022, attached hereto. Upon information and belief, the golf course to date has not yet restored Plaintiff Young to its listed membership.

69.     As a result of their conduct, Defendants have intentionally defrauded Plaintiff Young of the security interest owed by RCIH.

70.     As a result of their conduct, Defendants have intentionally defrauded Plaintiff  Young of benefits associated with his membership to the golf course at Rock Creek, now doing business as CDA National Reserve.

71.     In direct reliance upon Defendants' representations, promises, assertions, inducements and agreements, Plaintiff relinquished vested rights as a major creditor of Defendant RCIH. Those rights cannot be reobtained by rescission of the transaction.

72.     As a direct result of the Defendants' breach of promises, violations of securities law, fraudulent misrepresentations, and scheme, Plaintiff has suffered irreparable damage and harm.

73.     Plaintiff has done all things necessary to maintain this action.

//

//

//

COMPLAINT FOR DAMAGES - 15

## FIRST CAUSE OF ACTION
### (15 U.S.C. § 77q Violations – All Defendants)

74.     Plaintiff Young incorporates herein by reference, and realleges the allegations set forth in Paragraphs 1 through 73 of this Complaint as though fully set forth herein.

75.     Defendants induced Plaintiff into purchasing a security, as defined in the United States Securities Act of 1933, in the form of an investment contract, and then engaged in acts, practices, and a course of business and conduct that operated to defraud Plaintiff of the investment entered into.

76.     The Defendants' unlawful actions were taken with the intention of disguising, concealing, hiding, or otherwise masking Defendant RCIH's true financial condition in order to avoid payment owed to Plaintiff Young in connection with the sale of the Economic Interest in RCIH.

77.     Upon information and belief, Defendant Foley had privity of interest with each of the Defendants, and, as a result, the Defendants' scheme and subterfuge resulted in diverting investor funds for his own personal use, which was never disclosed to Plaintiff Young.

78.     Each of the Defendants conspired to fraudulently deprive Plaintiff Young of the security interest owed under the Economic Interest contract.

79.     Because Defendant RCIH is still operating, and Plaintiff Young's possession of the Economic Interest still exists and survives, the Defendants' manipulative and unlawful scheme and subterfuge is still continuing.

COMPLAINT FOR DAMAGES - 16

80.     Defendants' conduct is in violation of 15 U.S.C. §77q.

81.     As a direct result of Defendants' conduct, Plaintiff Young has suffered monetary damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Idaho Uniform Securities Act Violations – All Defendants)

82.     Plaintiff Young incorporates herein by reference, and realleges the allegations set forth in Paragraphs 1 through 81 of this Complaint as though fully set forth herein.

83.     Defendants induced Plaintiff into purchasing a security, as defined in the Idaho Uniform Securities Act, in the form of an investment contract, and then engaged in acts, practices, and a course of business and conduct that operated to defraud Plaintiff Young of the investment entered into.

84.     Defendants' unlawful actions were taken with the intention of disguising RCIH's true financial condition in order to avoid payment owed to Plaintiff Young in connection with the "transaction" sale of the Economic Interest in RCIH.

85.     Upon information and belief, Defendant Foley had privity of interest with each of the Defendants, and, as a result, the Defendants' scheme and subterfuge resulted in diverting investor funds for Defendant Foley's own personal use, a scheme and subterfuge that was never disclosed to Plaintiff Young.

86.     Each of the Defendants conspired to fraudulently deprive Plaintiff Young of his security interest.

87.     Because Defendant RCIH is still operating, and Plaintiff Young's possession of the contractual Economic Interest still exists and survives, the Defendants' manipulative scheme is still continuing.

88.     Defendants' conduct is in violation of Idaho Code 30-14, et seq.

89.     As a direct result of Defendants' unilateral conduct, Plaintiff Young has suffered monetary damages in an amount to be determined at trial.

90.     Plaintiff Young is entitled to an award of reasonable attorney fees.

### THIRD CAUSE OF ACTION
**(Fraud – All Defendants)**

91.     Plaintiff Young incorporates herein by reference, and realleges the allegations set forth in Paragraphs 1 through 90 of this Complaint as though fully set forth herein.

92.     Upon information and belief, Defendants Foley, Coy, and RCIH represented that Plaintiff Young would be entitled to payment of 7% of distributable cash pursuant to the grant of the contractual Economic Interest.  Subsequently, each of the Defendants deliberately engaged in a scheme and subterfuge to hide profits, knowing that their representations made to Plaintiff Young were false.

93.     Defendants made the following additional false assertions: that "substantially all" of RCIH's assets were sold; that the assets were sold to a third party; that RCIH's members have not received return of their capital investments; that the members are precluded from receiving return of their capital investments; that RCIH failed to turn any distributable profits; that Plaintiff Young is no longer a holder of the

contractual Economic Interest; and that Plaintiff Young is not entitled to any future payments as a result of the contractual Economic Interest entered into.

94.     Despite Defendants' false assertions, RCIH's assets were not sold to a third party and were effectively retained by Defendants Foley and RCIH.  Upon information and belief, the members of RCIH have received full return of their capital investments, plus profits.  As a result, Plaintiff Young has been entitled, and continues to be entitled to, payment pursuant to the contractual Economic Interest owed.

95.     Each of the Defendants knowingly conspired to make the foregoing false statements as part of a scheme and subterfuge to prevent Plaintiff Young from receiving payment, as the false statements are directly material to the terms of the contractual Economic Interest.

96.      Plaintiff Young relied upon the Defendants' false statements in declining to enforce his rights as a $5 million creditor of RCIH.  Plaintiff Young justifiably believed that Defendant RCIH and its members intended to provide accurate accounting, and to operate the venture while adhering to legitimate business practices.

97.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff Young has suffered monetary damages in amounts to be determined at trial.

98.     Defendants' fraudulent acts arose out of a commercial transaction, and thus, Plaintiff Young is entitled to an award of reasonable attorney fees and costs.

//

//

## FOURTH CAUSE OF ACTION
### (Violation of Idaho Unlawful Transfer Act – All Defendants)

99.    Plaintiff Young incorporates herein by reference, and realleges the allegations set forth in Paragraphs 1 through 98 of this Complaint as though fully set forth herein.

100.    Defendants made a "transfer" of assets and real property connected with Plaintiff Young's security interest in RCIH .

101.    The transfer did not result in immediate delivery and actual and continued change of possession of the assets.

102.    As a result, the Defendants' transfer is presumed fraudulent and void against creditors and their successors in interest, and their conduct is in violation of Idaho Code 55-9, et seq.

103.    As a direct result, Plaintiff Young incurred monetary damages, in an exact amount to be proven at the time of trial.

## FIFTH CAUSE OF ACTION
### (Idaho Consumer Protection Act Violations – All Defendants)

104.    Plaintiff Young incorporates herein by reference, and realleges the allegations set forth in Paragraphs 1 through 103 of this Complaint as though fully set forth herein.

105.    In exchange for waiving rights as a major creditor of Defendant RCIH, Plaintiff Young received goods and services from RCIH in the form of a lifetime membership granted to Ryker Young to the RC Golf Club.

COMPLAINT FOR DAMAGES - 20

106.    Subsequently, each of the Defendants, as a result of their fraudulent transfer of assets, conspired to revoke benefits from the members of the Club at Rock Creek and then charged the members increased fees to renew those benefits with CDA National Reserve.

107.    Defendants conspired to revoke Plaintiff Young's membership in violation and breach of the contract for Economic Interest, under the guise of new ownership.

108.    Defendants' conduct is in violation of Idaho Code 48-603.

109.    As a direct result, Plaintiff Young incurred monetary damages, in an exact amount to be proven at the time of trial.

110.    Plaintiff Young is entitled to an award of reasonable attorney fees.

## SIXTH CAUSE OF ACTION
### (Breach of Contract – Foley, Coy, RC Golf Club, RCIH, Cannae Timber, FNFV, Cannae Holdings)

111.    Plaintiff Young incorporates herein by reference, and realleges the allegations set forth in Paragraphs 1 through 110 of this Complaint as though fully set forth herein.

112.    Plaintiff Young entered into a contract with Defendants whereby the Defendants specifically induced Plaintiff Young to waive his rights as a creditor of RCIH.

113.    In return, Defendants agreed that Plaintiff Young would be entitled to 7% of distributable cash generated by the golf course, provided the RCIH Members first received their capital investments.

COMPLAINT FOR DAMAGES - 21

114.   Defendants also agreed that Plaintiff Young's membership in the golf course would be guaranteed for his lifetime.

115.   In reliance upon the inducements, representations, promises, and assertions made by Defendants, Plaintiff Young declined to undertake foreclosure action based on the substantial debt owed to him by RCIH.

116.   Thereafter, Defendants breached the agreements, promises, representations, and assertions entered into with Plaintiff Young relating to the development of the RC Golf Club, the alleged "sale" of RCIH's assets, and the profits obtained by RCIH.  Such breach constituted a wrongful failure or refusal of Defendants to perform the contractual duties it owed to Plaintiff Young.

117.   During the course of agreements, promises, and representations made by Defendants to Plaintiff Young, Defendants breached the covenant of good faith and fair dealing which it owed to Plaintiff Young.

118.   As a direct result of Defendants' breach of the contract, promises, representations, and agreements made to and with Plaintiff Young, Plaintiff Young incurred substantial damages, both direct and consequential in an exact amount to be proven at the time of trial.

## SEVENTH CAUSE OF ACTION
**(Tortious Interference with Contract –All Defendants not named RCIH)**

119.   Plaintiff Young incorporates herein by reference, and realleges the allegations set forth in Paragraphs 1 through 118 of this Complaint as though fully set forth herein.

COMPLAINT FOR DAMAGES - 22

120.   An Economic Interest contract between Plaintiff Young and RCIH was entered into on August 12, 2013.

121.   Defendants were aware of the agreement between Plaintiff Young and RCIH granting Plaintiff Young a contractual Economic Interest.  Defendant FNTR was a signatory to the agreement and Defendant Cannae Timber succeeded FNTR as the member of RCIH.  Defendant Foley exercised control over each of the Defendants and remains the manager of RCIH.  Defendant Foley was at all times aware that Plaintiff Young was entitled to payment pursuant to the Economic Interest contract.

122.   Defendant Foley, and each of the other Defendants, knowingly and intentionally conspired to violate the terms of the Economic Interest contract so as to deny payment owed to Plaintiff Young.

123.   As a direct result, Plaintiff Young incurred substantial damages, both direct and consequential in an exact amount to be proven at the time of trial.

124.   Defendants' fraudulent acts arose out of a commercial transaction, and Plaintiff Young is entitled to an award of reasonable attorney fees.

### EIGHTH CAUSE OF ACTION
**(Tortious Interference with Prospective Economic Advantage - All Defendants not named RCIH)**

125.   Plaintiff Young incorporates herein by reference, and realleges the allegations set forth in Paragraphs 1 through 124 of this Complaint as though fully set forth herein.

COMPLAINT FOR DAMAGES - 23

126.   A contract between Plaintiff Young and RCIH was entered into on August 12, 2013, granting Plaintiff Young an Economic Interest in RCIH.

127.   Defendants were aware of the agreement between Plaintiff Young and RCIH granting Plaintiff Young the Economic Interest.  Defendant FNTR was a signatory to that agreement and Defendant Cannae Timber succeeded FNTR as the member of RCIH.  Defendant Foley exercised control over each of the Defendants and remains the manager of RCIH.   He was at all times aware that Plaintiff Young was entitled to payment pursuant to the Economic Interest contract.

128.   Defendant Foley, and each of the other Defendants, knowingly and intentionally conspired to deny Plaintiff Young the prospective benefits of his Economic Interest contract.

129.   As a direct result, Plaintiff Young incurred substantial damages, both direct and consequential in an exact amount to be proven at the time of trial.

130.   The Defendants' fraudulent acts arose out of a commercial transaction, and Plaintiff Young is entitled to an award of reasonable attorney fees.

### NINTH CAUSE OF ACTION
**(Promissory Estoppel/Detrimental Reliance – Foley, Coy, RC Golf Club, RCIH, Cannae Timber, FNFV, Cannae Holdings)**

131.   Plaintiff Young incorporates herein by reference, and realleges the allegations set forth in Paragraphs 1 through 130 of this Complaint as though fully set forth herein.

COMPLAINT FOR DAMAGES - 24

132.   At all times material hereto, Defendants made certain representations and promises, including without limitation, the lifetime term of Plaintiff Young's Economic Interest and Plaintiff Young's membership to RC Golf Club, which Defendants have breached.

133.   Defendants' representations and promises were reasonably relied upon by Plaintiff Young to his detriment, ultimately resulting in direct and proximate damages in an amount to be proven at trial.

### TENTH CAUSE OF ACTION
#### (Quantum Meruit; Unjust Enrichment – All Defendants)

134.   Plaintiff Young incorporates herein by reference, and realleges the allegations set forth in Paragraphs 1 through 133 of this Complaint as though fully set forth herein.

135.   Plaintiff Young relied upon certain representations and promises made by Defendants Foley and RCIH to the extent that substantial rights were waived by Plaintiff Young in direct reliance upon the statements.

136.   Each of the Defendants received a benefit from Plaintiff Young's reliance.

137.   Plaintiff Young waived substantial rights in direct reliance upon the promises and representations which Defendants breached, and therefore is entitled to recover damages in an amount to be proven at trial for such wrongful conduct under the theory of quantum meruit and/or unjust enrichment.

## ELEVENTH CAUSE OF ACTION
### (Piercing the Corporate Veil – Foley, Coy, Suryan)

138.   Plaintiff Young incorporates herein by reference, and realleges the allegations set forth in Paragraphs 1 through 137 of this Complaint as though fully set forth herein.

139.   Based upon the allegations contained herein, Defendants RCIH, RC Golf, NEL Real Estate, NEL Investment Group, Cannae Timber, FNFV, and Cannae Holdings are mere alter egos of the Defendants Foley, Coy, and Suryan. Accordingly, Plaintiff Young is otherwise entitled to pierce the corporate veil of those entities and hold the members thereof jointly and severally liable for the wrongful conduct of those entities and their agents.

## TWELFTH CAUSE OF ACTION
### (Respondeat Superior- Foley, RC Golf Club, RCIH, Cannae Timber, FNFV, Cannae Holdings, NEL Real Estate, NEL Investment Group)

140.   Plaintiff Young incorporates herein by reference, and realleges the allegations set forth in Paragraphs 1 through 139 of this Complaint as though fully set forth herein.

141.   The wrongful actions of Defendant Coy, and by any other members or employees of Defendants RCIH, RC Golf, NEL Real Estate, NEL Investment Group, Cannae Timber, FNFV, and Cannae Holdings were undertaken and executed for the benefit and on behalf of Defendant Foley and those entities.

142.   Defendant Foley and those entities had control and direction over the actions taken by Defendant Coy and the other employees of Defendants RCIH, RC Golf,

NEL Real Estate, NEL Investment Group, Cannae Timber, FNFV, and Cannae Holdings, and those actions were performed within the course of their employment.

143.    As a result, Defendant Foley is jointly and severally liable for the wrongful conduct of Defendant Coy, and any other members or employees of Defendants RCIH, RC Golf, NEL Real Estate, NEL Investment Group, Cannae Timber, FNFV, and Cannae Holdings.

144.    Defendants RCIH, RC Golf, NEL Real Estate, NEL Investment Group, Cannae Timber, FNFV, and Cannae Holdings are each jointly and severally liable for the wrongful conduct of Defendant Coy and their other employees.

**THIRTEENTH CAUSE OF ACTION**
**(Declaratory Action for Equitable Accounting – All Defendants)**

145.    Plaintiff Young incorporates herein by reference and realleges the allegations set forth in Paragraphs 1 through 144 of this Complaint as though fully set forth herein.

146.    This matter and the claims asserted, involve numerous business transactions and the parties thereto, occurring over a period of considerable time.  The claims made, and the recovery sought is based upon the accounting and profits accruing from said transactions.

147.    Incidental to the foregoing causes of action, Plaintiff Young is entitled to a full forensic accounting of each of the Defendant entities, as well as the specific individuals who have had any direct or indirect involvement with RCIH.

## JURY DEMAND

Pursuant to FRCP 38, Plaintiff hereby demands that this matter be tried by a jury.

WHEREFORE, the Plaintiff prays for relief as follows:

1.      Judgment against Defendants for general and special damages in an amount to be proven at trial;

2.      Declaratory judgment ordering that Plaintiff Young is entitled to a full accounting of each of the Defendants' books and records related to the transactions herein;

3.      Plaintiff's costs and expenses incurred herein;

4.      An award of reasonable attorneys' fees;

5.      Prejudgment interest as provided by law;

6.      Punitive damages as permitted by law, including but not limited to attorney fees and costs; and

7.      For such other and further relief as the Court may deem just and proper.

DATED this 10th day of November, 2022.

DUNN & BLACK, P.S.

/s/ ADAM J. CHAMBERS
ADAM J. CHAMBERS
Attorneys for Plaintiff

COMPLAINT FOR DAMAGES - 28